Not For Print Publication

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

SHELBY PERSON,

                Petitioner,

v.                                    CIVIL ACTION NO.  2:05-cv-0033
                                    (Criminal No. 2:01-cr-00060-05)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before this court is petitioner's motion under 28 U.S.C. § 2255 to vacate and reinstate his sentence.  The petitioner asserts that his attorney's ineffective assistance denied his right to a direct appeal of his conviction.  For reasons discussed herein, the court **GRANTS** the motion.

**I. Background**

On February 22, 2001, a federal grand jury returned a twenty-four count, sealed indictment that charged thirteen people with drug offenses occurring in Logan County, West Virginia.  The indictment resulted from a lengthy undercover operation by the West Virginia Department of Public Safety and the Logan County Violent Crime and Drug Task Force.  One count of this indictment named the petitioner, Shelby Person, with conspiracy to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 846.

Person retained Rico R. Moore as counsel and pleaded guilty on May 1, 2001, to a single-count information that charged him with possession with intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  This court sentenced Person to a 135-month prison term on September 6, 2001.  Neither the conviction nor the sentence were appealed.

On September 9, 2002, Person filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on the grounds that Moore had provided ineffective assistance of counsel.  Specifically, Person asserted that Moore induced him into an involuntary guilty plea by failing to investigate the availability of any defenses; that Moore failed to present witnesses to contest the extent of Person's relevant conduct at sentencing; and that Moore agreed to pursue an appeal but did not.  The U.S. Magistrate Judge conducted an evidentiary hearing on this motion on March 5, 2003, and limited the motion to whether Person was denied a direct appeal because of ineffective assistance of counsel.  Following the hearing, the Magistrate Judge recommended that this court grant Person's motion.

Person's new attorney, James Akers, filed a motion with this court asserting that the Magistrate Judge's recommendation should be adopted.  Akers' motion, however, also requested that Person be granted a new sentencing hearing based on the Magistrate Judge's referral to "unusual circumstances" present at the original sentencing hearing.  This court declined to grant a new sentencing hearing, but did adopt the Magistrate Judge's recommendation to reimpose the sentence.  On May 21, 2003, this court vacated Person's conviction and reinstated the sentence to allow Person another opportunity to appeal.

Akers timely filed the Notice of Appeal on June 4, 2003, with the Fourth Circuit.  Akers did not, however, directly appeal Person's original conviction or sentence.  He merely appealed this

court's decision to deny Person's request for a new sentencing hearing. The Fourth Circuit was surprised at Akers' decision not to directly appeal the original conviction or sentence, for this court had re-entered judgment for this purpose. *United States v. Person*, No. 03-4491, 2004 U.S. App. LEXIS 2254, at *2 (4th Cir. Feb. 11, 2004). In a per curiam opinion, the court stated that "it is *inexplicable* that no notice of direct appeal was filed on Person's behalf following the re-entry of judgment by the district court ...." *Id*. at *2 n.* (emphasis added).

Following the Fourth Circuit's dismissal, Person acquired new counsel and on January 11, 2005, filed the pending motion to vacate his sentence under 28 U.S.C. § 2255. This motion contends that Akers' decision to appeal the denial of a new sentencing hearing and not the actual conviction or sentence constituted ineffective assistance of counsel. On January 21, 2005, U.S. Magistrate Judge Mary E. Stanley issued her Proposed Findings and Recommendation on the motion. She recommended this court grant Person's motion on the grounds that Akers' performance constitutes per se ineffective assistance of counsel based on *United States v. Peak*, 992 F.2d 39, 41–42 (4th Cir. 1993). She again mentions the "unusual circumstances" presented in this case and suggests that this court may wish to have a new sentencing hearing, which would give Person an opportunity to present evidence and argument on the applicability of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). The Government objects to these recommendations on the grounds that the Magistrate Judge applied the incorrect standard for ineffective assistance of counsel. Specifically, the Government contends that the motion should be analyzed using the traditional two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

## II. Discussion

### A. Person Is Entitled To Effective Assistance of Counsel

It is well settled that there is no constitutional right to a direct appeal. *Jones v. Barnes*, 463 U.S. 745, 750 (1983); *McKane v. Durston*, 153 U.S. 684, 688 (1894). Appellate review as provided, however, must conform with due process of law. *Smith v. Robbins*, 528 U.S. 259, 276–77 (2000). When a statutory right to appeal is provided for, a criminal defendant is guaranteed the right to counsel. *Douglas v. California*, 372 U.S. 353, 356–58 (1963). This appellate level right to counsel includes the right to effective assistance of counsel, *Evitts v. Lucey*, 469 U.S. 387, 397 (1985), a right provided for by the Sixth Amendment. *Rose v. Lee*, 252 F.3d 676, 688 (4th Cir. 2001). Without guaranteeing the effectiveness of counsel's assistance to a defendant on appeal, the right to appellate counsel would be futile. *Evitts*, 469 U.S. at 397.

Because a statutory right to appeal is present, Person is guaranteed not only the right to counsel, but also the effective assistance of counsel. His attorney's performance must be analyzed under the analysis that the Supreme Court has set forth to govern ineffective assistance of counsel claims.

### B. The Traditional Standard for Reviewing Ineffective Assistance Claims

The Supreme Court articulated a standard to be used in analyzing ineffective assistance of counsel claims in *Strickland v. Washington*. 466 U.S. 668, 694 (1984). The Court held that a defendant must show two things to mount a successful ineffective assistance of claim: First, the defendant must show that counsel's performance fell below the wide range of professionally competent assistance; and second, that the result of the proceeding could have been different but for

counsel's performance.  *Id*.  Although the Court formulated this standard, Justice O'Connor's majority opinion points out that the Court was not setting forth "mechanical rules" or a "checklist." *Id*. at 688, 696.  The opinion explains that "[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering the circumstances."  *Id*. at 688.

O'Connor alludes to some situations where a defendant would not have to make a showing of prejudice.  *Id*. at 692.  In these cases, prejudice does not have to be proved by the defendant because it is presumed.  *Id*.  For example, prejudice is presumed when an actual or constructive denial of *any* assistance by counsel occurs.  *Id*.  Prejudice also is presumed in cases where counsel is burdened by an actual conflict of interest.  *Id*.; *Cuyler v. Sullivan*, 446 U.S. 335, 345–50 (1980).

The overriding policies of *Strickland* are to ensure fair proceedings and generate just results. *Strickland*, 466 U.S. at 696.  Whenever considering an ineffective assistance of counsel claim, a court ultimately must focus on the fundamental fairness of the challenged proceeding.  *Id*.  Justice O'Connor stated that even though improving the quality of legal representation is a worthy goal, the goal of the effective assistance of counsel guarantee of the Sixth Amendment is to ensure that a criminal defendant's proceedings are fundamentally fair.  *Id*. at 689.

The roadmap set forth in *Strickland* is "highly deferential" to attorneys.  *Id*.  When *Strickland*'s two showings are required, defendants rarely are able to mount successful ineffective assistance claims.  David J. Gross, *Supreme Court Review–Defendant's Dual Burden in Claims of Ineffective Assistance of Counsel:* Strickland v. Washington, 75 J. Crim. L. & Criminology 755, 761 (1984).  The Court explained that a highly deferential standard was necessary to prevent the

threat of ineffective assistance of counsel claims from dampening attorneys' willingness to represent criminal defendants.  *Strickland*, 466 U.S. at 690.

Critics of *Strickland* claim that only defendants who are clearly innocent could possibly win a claim for ineffective assistance of counsel post-*Strickland*.  Elizabeth Gable & Tyler Green, *Current Developments 2003-2004:* Wiggins v. Smith: *The Ineffective Assistance of Counsel Standard Applied Twenty Years After* Strickland, 17 GEO. J. LEGAL ETHICS 755, 764 (2004).  Critics also note that *Strickland*'s absence of a "checklist" or "mechanical rules" make it difficult to apply. Justice Marshall stated in his dissent in *Strickland* that the Court, in deciding the case, has "not only abdicated its own responsibility to interpret the Constitution, but also impaired the ability of the lower courts to exercise theirs."  *Strickland*, 466 U.S. at 708 (Marshall, J., dissenting).  Despite these concerns, *Strickland* is the governing standard for considering ineffective assistance of counsel claims in any proceeding, whether it be a direct appeal, a collateral matter, or a habeas proceeding. *Strickland*, 466 U.S. at 697.  Regardless of the proceeding, the court's goal in reviewing an ineffective assistance of counsel claim is to ensure that the defendant's proceeding was fundamentally fair to the extent  it was sufficiently reliable to produce a just result.

**C.  Prejudice Is Presumed When Counsel Completely Abandons the Client**

As noted above, *Strickland* alluded to some cases where prejudice to the defendant could be presumed.  *Id*. at 692.  On the same day that the Supreme Court decided *Strickland*, it also decided a companion case that elaborated on the cases where prejudice would be presumed. *United States v. Cronic*, 466 U.S. 648, 659 (1984).  Of the situations that *Cronic* discusses, the Court states that the "most obvious" is a complete deprivation of counsel.  *Id*.  Justice Stevens'

majority opinion explains that "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id*. This presumption extends to the appellate process. *Penson v. Ohio*, 488 U.S. 75, 88 (1988). The *Cronic* opinion notes that a complete deprivation of counsel can occur even if the attorney is physically present. For example, whenever counsel fails to subject the prosecution's case to meaningful adversarial testing, the process becomes presumptively unreliable. *Id*. Not requiring the defendant to make a showing of prejudice when the defendant is completely deprived of counsel is a "limited, but important exception" to the standard outlined in *Strickland*. *James v. Harrison*, 389 F.3d 450, 455 (4th Cir. 2004).

The Fourth Circuit found this exception applicable in *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). In *Peak*, the defendant asked his attorney to appeal, but the attorney did not. *Peak*, 992 F.2d at 40. The court noted that the Sixth Amendment obligates a defendant's attorney to file an appeal and identify possible issues for a court even if the attorney believes that an appeal would not be meritorious. *Id*. at 41; *Anders v. California*, 386 U.S. 738, 744 (1967).

The Fourth Circuit explained that an attorney's failure to file a direct appeal when the client seeks one constitutes a complete deprivation of counsel. *Peak*, 992 F.2d at 42. Peak's attorney told Peak he would file a direct appeal but failed to do so; as a result, the court found that Peak was completely deprived of counsel. *Id*. This deficient performance constituted per se ineffective assistance of counsel, as the court noted that the probability of the appeal's success was irrelevant. *Id*. Peak did not have to show prejudice because prejudice was presumed.

The Supreme Court elaborated on this reasoning in 2000. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). The counsel in *Roe*, who failed to file a notice of appeal, did more than

deprive his client of a fair judicial proceeding; he actually deprived his client of a judicial proceeding altogether. *Id*. at 483.   The Court explained that a defendant does not have to prove prejudice when his attorney says he will appeal but then does not; all the defendant has to show is that "but for counsel's deficient conduct, he would have appealed." *Id*. at 486.   In *Roe*, the prejudice showing required by *Strickland* is presumed because counsel's performance rendered the proceeding requested by the client nonexistent. *Id*. at 484.


**D. Akers' Conduct Constitutes a Complete Abandonment of the Petitioner**

Person was, and still is, entitled to a direct appeal.  His first attorney, Moore, failed to file the appeal at all.  This court then reimposed Person's sentence to give his second attorney, Akers, an opportunity to do what Moore had not.  In a move that the Fourth Circuit termed "inexplicable," Akers did not file a direct appeal.  The fact that he did appeal something, specifically this court's decision not to order a new sentencing hearing, does not fix the problem.

Like the attorney in *Roe*, Akers' performance rendered Person's requested proceeding nonexistent.  *Roe* requires Person to show that but for Akers' deficient conduct, Person would have appealed.  This showing is clear in this case, for a direct appeal would have been made had Akers performed like any other competent attorney.  The Government characterizes Akers' decision not to file a direct appeal as a "choice of tactics."   U.S. Objections to Mag. Judge's Report at 9.  Regardless of what option an attorney chooses in lieu of filing a direct appeal, the act of failing to file a direct appeal is not a strategic decision.  In fact, the Supreme Court stated in *Roe* that filing a notice of appeal is "a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes."  *Roe*, 528 U.S. at 477.

Akers' conduct constituted a complete deprivation of counsel.  Despite his attempt to appeal something, Akers' performance is no different than Moore's, who failed to appeal anything.  Each attorney's conduct led to the same result.  The same result would have been reached had Person not had any counsel at all; thus, Akers' conduct constitutes a complete deprivation of counsel.

In *Evitts v. Lucey*, an attorney failed to follow a Kentucky statute requiring a specific format for an appeal of a criminal defendant's conviction.  *Evitts*, 469 U.S. at 389–90.  The appeal was denied and the defendant claimed that his attorney had provided ineffective assistance of counsel.  *Id*. at 390.  The Supreme Court contended, "[i]n a situation like that here, counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; in this sense, it is difficult to distinguish respondent's situation from that of someone who had no counsel at all" like in *Anders*.  *Id*. at 394.  Like the attorney's deficient performance in *Evitts*, Akers' deficient performance in this case has placed Person in a position no better than the position he would be in had he not had any counsel at all.

### III. Conclusion

This court is guided by *Strickland* in analyzing a claim for ineffective assistance of counsel.  The court's opinion is guided by the concern to ensure fundamental fairness and to promote the interests of justice.  Accordingly, the court **GRANTS** the petitioner's motion under 28 U.S.C. § 2255 to vacate sentence.  The court **FINDS** that a new sentencing hearing is warranted.  Accordingly, the new sentencing hearing is scheduled in the accompanying Order to this Opinion.

    The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party, and **DIRECTS** the Clerk to post this unpublished opinion at

http://www.wvsd.uscourts.gov.

                    ENTER:      September 1, 2005

                    JOSEPH R. GOODWIN
                    UNITED STATES DISTRICT JUDGE

**Bryant J. Spann**
ALLEN GUTHRIE MCHUGH & THOMAS
P. O. Box 3394
Charleston, WV 25333-3394
For Petitioner

**John H. Tinney, Jr.**
THE TINNEY LAW FIRM
P. O. Box 3752
Charleston, WV 25337-3752
For Petitioner

**Kasey Warner**
U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713

For Respondent

Not For Print Publication

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

SHELBY PERSON,

    Petitioner,

v.           CIVIL ACTION NO.  2:05-cv-0033
            (Criminal No. 2:01-cr-00060-05)

UNITED STATES OF AMERICA,

    Respondent.


## MEMORANDUM OPINION AND ORDER

Pending before this court is petitioner's motion under 28 U.S.C. § 2255 to vacate and reinstate his sentence.  The petitioner asserts that his attorney's ineffective assistance denied his right to a direct appeal of his conviction.  For reasons discussed herein, the court **GRANTS** the motion.


## I. Background

On February 22, 2001, a federal grand jury returned a twenty-four count, sealed indictment that charged thirteen people with drug offenses occurring in Logan County, West Virginia.  The indictment resulted from a lengthy undercover operation by the West Virginia Department of Public Safety and the Logan County Violent Crime and Drug Task Force.  One count of this indictment named the petitioner, Shelby Person, with conspiracy to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 846.

Person retained Rico R. Moore as counsel and pleaded guilty on May 1, 2001, to a single-count information that charged him with possession with intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  This court sentenced Person to a 135-month prison term on September 6, 2001.  Neither the conviction nor the sentence were appealed.

On September 9, 2002, Person filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on the grounds that Moore had provided ineffective assistance of counsel.  Specifically, Person asserted that Moore induced him into an involuntary guilty plea by failing to investigate the availability of any defenses; that Moore failed to present witnesses to contest the extent of Person's relevant conduct at sentencing; and that Moore agreed to pursue an appeal but did not.  The U.S. Magistrate Judge conducted an evidentiary hearing on this motion on March 5, 2003, and limited the motion to whether Person was denied a direct appeal because of ineffective assistance of counsel.  Following the hearing, the Magistrate Judge recommended that this court grant Person's motion.

Person's new attorney, James Akers, filed a motion with this court asserting that the Magistrate Judge's recommendation should be adopted.  Akers' motion, however, also requested that Person be granted a new sentencing hearing based on the Magistrate Judge's referral to "unusual circumstances" present at the original sentencing hearing.  This court declined to grant a new sentencing hearing, but did adopt the Magistrate Judge's recommendation to reimpose the sentence.  On May 21, 2003, this court vacated Person's conviction and reinstated the sentence to allow Person another opportunity to appeal.

Akers timely filed the Notice of Appeal on June 4, 2003, with the Fourth Circuit.  Akers did not, however, directly appeal Person's original conviction or sentence.  He merely appealed this

court's decision to deny Person's request for a new sentencing hearing.  The Fourth Circuit was surprised at Akers' decision not to directly appeal the original conviction or sentence, for this court had re-entered judgment for this purpose.  *United States v. Person*, No. 03-4491, 2004 U.S. App. LEXIS 2254, at *2 (4th Cir. Feb. 11, 2004).  In a per curiam opinion, the court stated that "it is *inexplicable* that no notice of direct appeal was filed on Person's behalf following the re-entry of judgment by the district court ...."  *Id.* at *2 n.* (emphasis added).

Following the Fourth Circuit's dismissal, Person acquired new counsel and on January 11, 2005, filed the pending motion to vacate his sentence under 28 U.S.C. § 2255.  This motion contends that Akers' decision to appeal the denial of a new sentencing hearing and not the actual conviction or sentence constituted ineffective assistance of counsel.  On January 21, 2005,  U.S. Magistrate Judge Mary E. Stanley issued her Proposed Findings and Recommendation on the motion.  She recommended this court grant Person's motion on the grounds that Akers' performance constitutes per se ineffective assistance of counsel based on *United States v. Peak*, 992 F.2d 39, 41–42 (4th Cir. 1993).  She again mentions the "unusual circumstances" presented in this case and suggests that this court may wish to have a new sentencing hearing, which would give Person an opportunity to present evidence and argument on the applicability of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).  The Government objects to these recommendations on the grounds that the Magistrate Judge applied the incorrect standard for ineffective assistance of counsel.  Specifically, the Government contends that the motion should be analyzed using the traditional two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

## II. Discussion

### A. Person Is Entitled To Effective Assistance of Counsel

It is well settled that there is no constitutional right to a direct appeal. *Jones v. Barnes*, 463 U.S. 745, 750 (1983); *McKane v. Durston*, 153 U.S. 684, 688 (1894). Appellate review as provided, however, must conform with due process of law. *Smith v. Robbins*, 528 U.S. 259, 276–77 (2000). When a statutory right to appeal is provided for, a criminal defendant is guaranteed the right to counsel. *Douglas v. California*, 372 U.S. 353, 356–58 (1963). This appellate level right to counsel includes the right to effective assistance of counsel, *Evitts v. Lucey*, 469 U.S. 387, 397 (1985), a right provided for by the Sixth Amendment. *Rose v. Lee*, 252 F.3d 676, 688 (4th Cir. 2001). Without guaranteeing the effectiveness of counsel's assistance to a defendant on appeal, the right to appellate counsel would be futile. *Evitts*, 469 U.S. at 397.

Because a statutory right to appeal is present, Person is guaranteed not only the right to counsel, but also the effective assistance of counsel. His attorney's performance must be analyzed under the analysis that the Supreme Court has set forth to govern ineffective assistance of counsel claims.

### B.  The Traditional Standard for Reviewing Ineffective Assistance Claims

The Supreme Court articulated a standard to be used in analyzing ineffective assistance of counsel claims in *Strickland v. Washington*. 466 U.S. 668, 694 (1984). The Court held that a defendant must show two things to mount a successful ineffective assistance of claim:  First, the defendant must show that counsel's performance fell below the wide range of professionally competent assistance; and second, that the result of the proceeding could have been different but for

-4-

counsel's performance.  *Id*.  Although the Court formulated this standard, Justice O'Connor's majority opinion points out that the Court was not setting forth "mechanical rules" or a "checklist." *Id*. at 688, 696.  The opinion explains that "[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering the circumstances."  *Id*. at 688.

O'Connor alludes to some situations where a defendant would not have to make a showing of prejudice.  *Id*. at 692.  In these cases, prejudice does not have to be proved by the defendant because it is presumed.  *Id*.  For example, prejudice is presumed when an actual or constructive denial of *any* assistance by counsel occurs.  *Id*.  Prejudice also is presumed in cases where counsel is burdened by an actual conflict of interest.  *Id*.; *Cuyler v. Sullivan*, 446 U.S. 335, 345–50 (1980).

The overriding policies of *Strickland* are to ensure fair proceedings and generate just results. *Strickland*, 466 U.S. at 696.  Whenever considering an ineffective assistance of counsel claim, a court ultimately must focus on the fundamental fairness of the challenged proceeding.  *Id*.  Justice O'Connor stated that even though improving the quality of legal representation is a worthy goal, the goal of the effective assistance of counsel guarantee of the Sixth Amendment is to ensure that a criminal defendant's proceedings are fundamentally fair.  *Id*. at 689.

The roadmap set forth in *Strickland* is "highly deferential" to attorneys.  *Id*.  When *Strickland*'s two showings are required, defendants rarely are able to mount successful ineffective assistance claims.  David J. Gross, *Supreme Court Review–Defendant's Dual Burden in Claims of Ineffective Assistance of Counsel:* Strickland v. Washington, 75 J. CRIM. L. & CRIMINOLOGY 755, 761 (1984).  The Court explained that a highly deferential standard was necessary to prevent the

-5-

threat of ineffective assistance of counsel claims from dampening attorneys' willingness to represent criminal defendants.  *Strickland*, 466 U.S. at 690.

Critics of *Strickland* claim that only defendants who are clearly innocent could possibly win a claim for ineffective assistance of counsel post-*Strickland*.  Elizabeth Gable & Tyler Green, *Current Developments 2003-2004:* Wiggins v. Smith: *The Ineffective Assistance of Counsel Standard Applied Twenty Years After* Strickland*,* 17 GEO. J. LEGAL ETHICS 755, 764 (2004).  Critics also note that *Strickland*'s absence of a "checklist" or "mechanical rules" make it difficult to apply. Justice Marshall stated in his dissent in *Strickland* that the Court, in deciding the case, has "not only abdicated its own responsibility to interpret the Constitution, but also impaired the ability of the lower courts to exercise theirs."  *Strickland*, 466 U.S. at 708 (Marshall, J., dissenting).  Despite these concerns, *Strickland* is the governing standard for considering ineffective assistance of counsel claims in any proceeding, whether it be a direct appeal, a collateral matter, or a habeas proceeding. *Strickland*, 466 U.S. at 697.  Regardless of the proceeding, the court's goal in reviewing an ineffective assistance of counsel claim is to ensure that the defendant's proceeding was fundamentally fair to the extent  it was sufficiently reliable to produce a just result.

## C.  Prejudice Is Presumed When Counsel Completely Abandons the Client

As noted above, *Strickland* alluded to some cases where prejudice to the defendant could be presumed.  *Id*. at 692.  On the same day that the Supreme Court decided *Strickland*, it also decided a companion case that elaborated on the cases where prejudice would be presumed. *United States v. Cronic*, 466 U.S. 648, 659 (1984).  Of the situations that *Cronic* discusses, the Court states that the "most obvious" is a complete deprivation of counsel.  *Id*.  Justice Stevens'

majority opinion explains that "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id*. This presumption extends to the appellate process. *Penson v. Ohio*, 488 U.S. 75, 88 (1988). The *Cronic* opinion notes that a complete deprivation of counsel can occur even if the attorney is physically present. For example, whenever counsel fails to subject the prosecution's case to meaningful adversarial testing, the process becomes presumptively unreliable. *Id*. Not requiring the defendant to make a showing of prejudice when the defendant is completely deprived of counsel is a "limited, but important exception" to the standard outlined in *Strickland*. *James v. Harrison*, 389 F.3d 450, 455 (4th Cir. 2004).

The Fourth Circuit found this exception applicable in *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993). In *Peak*, the defendant asked his attorney to appeal, but the attorney did not. *Peak*, 992 F.2d at 40. The court noted that the Sixth Amendment obligates a defendant's attorney to file an appeal and identify possible issues for a court even if the attorney believes that an appeal would not be meritorious. *Id*. at 41; *Anders v. California*, 386 U.S. 738, 744 (1967).

The Fourth Circuit explained that an attorney's failure to file a direct appeal when the client seeks one constitutes a complete deprivation of counsel. *Peak*, 992 F.2d at 42. Peak's attorney told Peak he would file a direct appeal but failed to do so; as a result, the court found that Peak was completely deprived of counsel. *Id*. This deficient performance constituted per se ineffective assistance of counsel, as the court noted that the probability of the appeal's success was irrelevant. *Id*. Peak did not have to show prejudice because prejudice was presumed.

The Supreme Court elaborated on this reasoning in 2000. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). The counsel in *Roe*, who failed to file a notice of appeal, did more than

-7-

deprive his client of a fair judicial proceeding; he actually deprived his client of a judicial proceeding altogether.  *Id*. at 483.   The Court explained that a defendant does not have to prove prejudice when his attorney says he will appeal but then does not; all the defendant has to show is that "but for counsel's deficient conduct, he would have appealed."  *Id*. at 486.   In *Roe*, the prejudice showing required by *Strickland* is presumed because counsel's performance rendered the proceeding requested by the client nonexistent.  *Id*. at 484.

**D. Akers' Conduct Constitutes a Complete Abandonment of the Petitioner**

Person was, and still is, entitled to a direct appeal.  His first attorney, Moore, failed to file the appeal at all.  This court then reimposed Person's sentence to give his second attorney, Akers, an opportunity to do what Moore had not.  In a move that the Fourth Circuit termed "inexplicable," Akers did not file a direct appeal.  The fact that he did appeal something, specifically this court's decision not to order a new sentencing hearing, does not fix the problem.

Like the attorney in *Roe*, Akers' performance rendered Person's requested proceeding nonexistent.  *Roe* requires Person to show that but for Akers' deficient conduct, Person would have appealed.  This showing is clear in this case, for a direct appeal would have been made had Akers performed like any other competent attorney.  The Government characterizes Akers' decision not to file a direct appeal as a "choice of tactics."   U.S. Objections to Mag. Judge's Report at 9.  Regardless of what option an attorney chooses in lieu of filing a direct appeal, the act of failing to file a direct appeal is not a strategic decision.  In fact, the Supreme Court stated in *Roe* that filing a notice of appeal is "a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes."  *Roe*, 528 U.S. at 477.

Akers' conduct constituted a complete deprivation of counsel.  Despite his attempt to appeal something, Akers' performance is no different than Moore's, who failed to appeal anything.  Each attorney's conduct led to the same result.  The same result would have been reached had Person not had any counsel at all; thus, Akers' conduct constitutes a complete deprivation of counsel.

In *Evitts v. Lucey*, an attorney failed to follow a Kentucky statute requiring a specific format for an appeal of a criminal defendant's conviction.  *Evitts*, 469 U.S. at 389–90.  The appeal was denied and the defendant claimed that his attorney had provided ineffective assistance of counsel.  *Id*. at 390.  The Supreme Court contended, "[i]n a situation like that here, counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; in this sense, it is difficult to distinguish respondent's situation from that of someone who had no counsel at all" like in *Anders*.  *Id*. at 394.  Like the attorney's deficient performance in *Evitts*, Akers' deficient performance in this case has placed Person in a position no better than the position he would be in had he not had any counsel at all.

## III. Conclusion

This court is guided by *Strickland* in analyzing a claim for ineffective assistance of counsel.  The court's opinion is guided by the concern to ensure fundamental fairness and to promote the interests of justice.  Accordingly, the court **GRANTS** the petitioner's motion under 28 U.S.C. § 2255 to vacate sentence.  The court **FINDS** that a new sentencing hearing is warranted.  Accordingly, the new sentencing hearing is scheduled in the accompanying Order to this Opinion.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party, and **DIRECTS** the Clerk to post this unpublished opinion at

http://www.wvsd.uscourts.gov.

ENTER:        September 1, 2005

JOSEPH  R.  GOODWIN
UNITED STATES DISTRICT JUDGE

**Bryant J. Spann**
ALLEN GUTHRIE MCHUGH & THOMAS
P. O. Box 3394
Charleston, WV 25333-3394
For Petitioner

**John H. Tinney, Jr.**
THE TINNEY LAW FIRM
P. O. Box 3752
Charleston, WV 25337-3752
For Petitioner

**Kasey Warner**
U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713

For Respondent

-10-